UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Bridgeport Airport Services, Inc., d/b/a Million Air Bridgeport, a/k/a Atlantic Aviation<br><br>　　　　　Plaintiff,<br>　v.<br><br>City of Bridgeport; Hollywood East/Area 51, LLC; and United States of America, Department of the Army,<br><br>　　　　　Defendants;<br><br>　　　　　* * *<br><br>City of Bridgeport,<br><br>　　　　　Cross-Claimant,<br>　v.<br><br>United States of America, Department of the Army,<br><br>　　　　　Crossclaim-Defendant. | 3:09-cv-00555 (CSH)<br><br>**MEMORANDUM**<br>**AND ORDER** |

HAIGHT, Senior District Judge:

　　During a hearing conducted by the Court on October 5, 2009, the status of the captioned case was discussed, within the context of settlement negotiations conducted by Magistrate Judge Joan G. Margolis, those negotiations including the companion case of City of Bridgeport v. United States, *et al*, docket number 3:09-cv-532 ("the Bridgeport action").  Plaintiff Bridgeport voluntarily dismissed the Bridgeport action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on October 5, 2009.

　　At the October 5 hearing, counsel for Hollywood East/Area 51, LLC ("Hollywood East")

asked the Court to lift a stay imposed by the Court's Order dated April 13, 2009, which provided: "Any sale of the Stratford Army Engine Plant, or any portion thereof, by the United States Department of the Army is hereby stayed pending further order of the Court." [Doc. #23]. The proposed sale giving rise to that stay order was a sale of the property in question by the United States (acting through the Army) to Hollywood East. Counsel represented to the Court that it was essential for Hollywood East to close on the sale without further delay, because of time constraints attached to its funding commitments and other considerations.

The lifting of the stay was opposed by counsel for plaintiff in the captioned case, Bridgeport Airport Services, Inc. (referred to throughout the litigation and in this Memorandum as "Atlantic"). Atlantic is the furnisher of services to users of facilities at the airport owned by Bridgeport. Atlantic is Bridgeport's tenant. Atlantic currently operates a fire-suppression system within the hangars that it leases. That system, along with the plumbing facilities of Atlantic's subtenants within the leased premises, all rely on water that is supplied by pumps and pipes originating on the land which the Army will convey to Hollywood East under the proposed sale. Atlantic is quite naturally concerned about the continuation of its water supply after a closing and the conveyance of the property by the Army to Hollywood East.

I am advised by counsel that this issue is one of the many Judge Margolis is dealing with in her efforts to negotiate a global settlement, and that an agreement between Hollywood East and Atlantic with respect to the water question has almost been reached — but not quite. Counsel for Atlantic wants the stay kept in place because if the stay is lifted, Atlantic would lose its leverage in whatever further negotiations are necessary to agree with Hollywood East on the water question.

Procedurally, the matter is not entirely clear. The stay order was docketed only in the

Bridgeport action, not in the captioned case, and so Hollywood East might argue that the stay was automatically vacated when Bridgeport voluntarily dismissed the Bridgeport action. However, both cases were before the Court on April 13, 2009, the date of the stay order, the captioned case having been removed from state court on April 7, and it is not unreasonable to regard the stay as applicable to both cases, which arise out of the same nexus of facts. The application by counsel for Hollywood East to vacate the stay is consistent with that view, since counsel for Bridgeport had dismissed the Bridgeport action before counsel for Hollywood East made his application. I think it is preferable to regard the April 13, 2009 order staying the sale of the property to Hollywood East as applicable to the captioned case, and to decide the issue on its merits.

On the merits, at the conclusion of the October 5 hearing I vacated the order staying the sale, and I now write to express my reasons. Counsel for Hollywood East makes a persuasive showing that the sale and its funding would be imperilled by further delay, thereby rasing the risk of severe prejudice to Hollywood East and the United States (Bridgeport is apparently satisfied with the present posture of the cases, has dismissed its Bridgeport action, and takes no position on the water question between Hollywood East and Atlantic). At oral argument, counsel for Atlantic said, "I think that the fact that the stay has been in place . . . has really pushed the settlement discussions forward." Audio Recording of Oral Argument, at 2:50:37 p.m. (Oct. 5, 2009). This is a polite way of saying that continuing the stay will put pressure on Hollywood East to settle the water question to Atlantic's satisfaction. The tactic is understandable, but the equitable considerations favor Hollywood East and other parties in interest.

However, Atlantic's concern about an uninterrupted water supply to its leased premises is entirely understandable; water is indeed the source of Atlantic's commercial life. In vacating the

stay, the Court relied upon the representations of counsel for Hollywood East that Hollywood East would continue to negotiate the water question with Atlantic in good faith after the closing; that he anticipated that an agreement would be reached soon; and that even if that effort failed, Hollywood East had no intention of turning off Atlantic's water without advance notice to Atlantic, sufficient to give Atlantic enough time to apply to this Court for further or different relief, legal or equitable.

In these circumstances, the Court makes the following ORDER:

1. After the sale of the property is question is closed and title passes to Hollywood East, Hollywood East is enjoined from turning off, discontinuing or terminating Atlantic's supply of water or sewer services to the leased premises, absent compliance with the following notice provisions.

2. If Hollywood East forms the intention of terminating Atlantic's supply of water, it must give Atlantic or its counsel written notice of that intent to terminate, to be implemented not earlier than twenty-one (21) days after receipt by Atlantic or counsel of such notice, during which time Atlantic's supply of water will not be terminated by Hollywood East.

3. In the event of its receipt from Hollywood East of a notice of intent to terminate its water supply, Atlantic reserves and retains the right to apply to this Court in this case for such relief, legal or equitable, as it may think just.

It is SO ORDERED.[1]

Dated: New Haven, Connecticut
October 7, 2009

                                           */s/ Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge

---

[1] The Court expects and directs Hollywood East and Atlantic to continue efforts, in mutual good faith and with Judge Margolis's continued assistance, to agree upon the water question amicably and thus avoid the delay, expense, and uncertainty of further litigation.